## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ALVIN PARKER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-CV-0125-GKF-JFJ** |
| | ) | |
| **SCOTT CROW, Director, Oklahoma** | ) | |
| **Department of Corrections,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

This matter comes before the Court on the 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. 1), filed by petitioner Alvin Parker, a state inmate appearing pro se. Following review of the petition and petitioner's supporting brief (Dkt. 5), the Court finds that no response is necessary and that the petition shall be summarily dismissed with prejudice.

### I.

Petitioner is incarcerated at the Dick Conner Correctional Center in Hominy, Oklahoma pursuant to the judgment and sentence entered against him in the District Court of Oklahoma County, Case No. CRF-85-698. Dkt. 1, at 1. He is serving a 199-year prison sentence for the crime of second degree murder after former conviction of a felony. *Id.* at 1-2, 20. In the instant § 2241 petition, filed March 26, 2020, Petitioner challenges the execution of his sentence and seeks relief on one ground: he "claims a constitutional violation under the 14th Amendment for respondent's refusal to release him because he has discharged his sentence." Dkt. 1, at 7. In support of this claim, petitioner alleges:

> Respondent did not deduct petitioner's earned credits from his sentence under the
> 1997 definition of life to result in his completion of his sentence. Respondent had

a statutory duty under 57 O.S. § 138, to deduct petitioner's earned credits from his life sentence when a court or legislature defined life as a number of years."

Dkt. 1, at 7-8.  Petitioner characterizes his 199-year sentence as a life sentence and contends that the Oklahoma Legislature passed a law in 1997 defining a life sentence "as not less than 18 years nor more than 60 years." *Id.*  He further contends that, under this definition, he earned sufficient credits to have discharged his sentence in October 2014, after serving 60 years in prison.  *Id.* at 8.

Petitioner acknowledges that the Oklahoma law defining a life sentence "as not less than 18 years nor more than 60 years" was repealed before it ever took effect, but he argues that law still gave him a "vested right" to have his 199-year sentence treated as a life sentence with a "maximum 60 year term."  *Id.*  To support his argument that he has a "vested right" to have his sentence deemed discharged, petitioner relies on language from *Resolution Trust Corporation v. Wright*, 868 F. Supp. 301 (W.D. Okla. 1993) (*Resolution Trust*), stating that Oklahoma law prohibits the Oklahoma Legislature "from rescinding accrued rights that derive from statutory enactment subsequently repealed."  *Id.* (quoting *Resolution Trust*, 868 F. Supp. at 304 n.2).

In his request for relief, petitioner asks the Court for a "correction of [his] consolidated record card (CRC) to reflect that in Oct. 2014, petitioner discharged the maximum 60 year term that he received under the 1997 state legislation's definition of life as 18 to 60 years, with deductions of earned credits."  Dkt. 1, at 11.

Petitioner filed a brief in support of his § 2241 petition (titled as a "motion for ex parte order of release from confinement") (Dkt. 5) on April 24, 2020.  In the brief, petitioner describes the instant § 2241 petition as "successive" because he presented the same ground for relief in a prior § 2241 petition, and this Court rejected it.[1]  Dkt. 5, at 1-3 (citing *Sanders v. United States*, 373 U.S. 1 (1963)).  Petitioner nevertheless urges this Court to reexamine Judge Dowdell's prior

---

[1] *See Parker v. Allbaugh*, Case No. 18-CV-0232-JED-FHM.

2

decision to serve the "ends of justice" because "there was plain error in the original dismissal." *Id.* at 1, 3.

## II.

While petitioner is currently in custody pursuant to a state-court judgment, he properly seeks habeas relief under § 2241, rather than § 2254, because he is challenging the execution of his sentence. *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).[2] This Court must "promptly examine" a habeas petition and dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts* (Habeas Rule 4); *see also Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (noting district courts have discretion to apply Habeas Rule 4 to review of § 2241 petitions). For two reasons, the Court finds that the petition shall be summarily dismissed with prejudice.

### A.     The petition is untimely.

A state prisoner seeking federal habeas relief under § 2241 to challenge the execution of his sentence has one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of reasonable diligence." 28 U.S.C.

---

[2] The Tenth Circuit has previously acknowledged that its decision in *Montez*, holding that a state prisoner may challenge the execution of his or her sentence through a § 2241 petition, represents a minority view that other circuits have criticized. *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 n.6 (10th Cir. 2017); *Tuggle v. Addison*, 247 F. App'x 155, 157 n.1 (10th Cir. 2007) (unpublished). Nonetheless, *Montez* remains good law. *But see Leatherwood*, 861 F.3d at 1051 (Hartz, J., concurring) (suggesting that Tenth Circuit's decision to "carve[] out an exception" to the general rule that state prisoners must challenge custody through § 2254 lacks "textual support" and should be reconsidered); *Ochoa v. Workman*, 669 F.3d 1130, 1148 (Hartz, J., concurring) (interpreting *Panetti v. Quarterman*, 551 U.S. 930 (2005), as "suggest[ing] that claims by state prisoners challenging the execution of their sentences should be pursued under § 2254, rather than under 28 U.S.C. § 2241, as has been the rule in this circuit").

§ 2244(d)(1)(D); *see Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006) (holding that one-year limitation period applies when state prisoner seeks habeas relief by challenging "a pertinent administrative decision rather than a state court judgment").   Because the prisoner must first exhaust administrative remedies and available state judicial remedies, the one-year limitation period for a prisoner who "timely and diligently exhausts his administrative remedies" commences under § 2244(d)(1)(D) when "the decision rejecting his administrative appeal becomes final." *Dulworth*, 442 F.3d at 1268-69.   The one-year limitation period is tolled, or suspended, while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."   28 U.S.C. § 2244(d)(2); *see also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

As previously stated, petitioner alleges his continued incarceration violates the 14th Amendment because he discharged his sentence in October 2014.  Dkt. 1, at 7.  The record reflects that petitioner exhausted available administrative remedies as to this claim on November 15, 2017.  Dkt. 1, at 3, 12-18.   His one-year limitation period, under § 2244(d)(1)(D), for filing a federal habeas petition commenced the next day.  Petitioner filed a petition for writ of mandamus in the District Court of Osage County, Case No. CV-2017-63, on November 28, 2017, and that court dismissed his petition on March 15, 2018, finding that petitioner was not entitled to relief.  *Id.* at 3, 21-22.  Petitioner filed an appeal in the Oklahoma Court of Criminal Appeals (OCCA) on March 26, 2018.  *Id.* at 6-7, 22.  By order filed April 9, 2018, in Case No. MA-2018-301, the OCCA declined jurisdiction and dismissed the matter, finding that petitioner failed to comply with the OCCA's rules.  *Id.* at 22.  Assuming, without deciding, that the petition for writ of mandamus petitioner filed in the District Court of Osage County was a "properly filed" application for

4

postconviction relief or other collateral review, petitioner's one-year limitation period was tolled from November 28, 2017, to April 9, 2018, while he exhausted available state judicial remedies.[3] *See* 28 U.S.C. § 2244(d)(2). But even giving petitioner the benefit of statutory tolling, his one-year limitation period expired on April 10, 2019. And, while petitioner filed a § 2241 petition in this Court, on April 25, 2018, the filing of that timely federal habeas petition did not toll or otherwise extend his one-year limitation period for purposes of filing the instant § 2241 petition. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (holding that "§ 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition"). Thus, petitioner's instant § 2241 petition, filed March 26, 2020, is untimely.

Ordinarily, a habeas petitioner who files an untimely petition should be given an opportunity to demonstrate that he is entitled to equitable tolling of the one-year period or that he can overcome the untimely filing through a credible showing of actual innocence. *See, e.g.*, *McQuiggin v. Perkins*, 569 U.S. 383, 391-94 (2013) (discussing equitable tolling and "actual-innocence" exception); *Day v. McDonough*, 547 U.S. 198, 210 (2006) ("[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions."). But it is clear from petitioner's pleadings that he does not claim he is actually innocent; he claims he has fully served his sentence. Dkts. 1, 5. Thus, *Perkins*' actual-innocence exception does not apply. Likewise, equitable tolling is not available under the circumstances of this case. The present record shows that petitioner diligently pursued his rights and, as further discussed below,

---

[3] It is not entirely clear whether petitioner properly exhausted available state remedies and any failure to exhaust would provide a third ground for dismissal. *See Dulworth*, 442 F.3d at 1269 (discussing exhaustion of judicial remedies in context of challenge to administrative decision). However, as discussed in this opinion, the Court finds the petition must be dismissed as untimely and as successive. The Court thus assumes without deciding that petitioner properly exhausted his claim.

5

timely presented his 14th Amendment claim to this Court through a prior § 2241 petition.  *See* Dkt. 1, at 12-30.  As a result, even if provided the opportunity, petitioner could not show that extraordinary circumstances prevented him from filing a timely petition.  *See Perkins*, 569 U.S. at 391 (identifying showings petitioner must make to warrant equitable tolling of one-year limitation period).  Under these circumstances, the Court finds it unnecessary to provide petitioner an opportunity to present his position on the timeliness of the instant petition.

Based on the foregoing, the Court finds that the instant § 2241 petition should be summarily dismissed, with prejudice, as time-barred.

**B.      The petition is also successive.**

As petitioner concedes, his instant § 2241 petition is also successive because he previously filed a § 2241 petition asserting the same Fourteenth Amendment claim he presents in the instant § 2241 petition.  Dkt. 1, at Dkt. 5, at 1-2 (citing *Sanders*, 373 U.S. at 1); *see also* Dkt. 1, at 19-30. Provisions of 28 U.S.C. § 2244(b), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), require pre-authorization from the circuit court before a state prisoner files a "second or successive" habeas petition, require the prisoner to make certain showings before the district court must consider the merits of the petition, and require the district court to dismiss any claim presented in a second or successive petition if the claim was presented in a prior petition. 28 U.S.C. § 2244(b).  But, by the plain language of the statute, these provisions apply only when a state prisoner files "a second or successive habeas corpus application under section 2254."  *Id.* § 2244(b)(1), (2); *cf. Stanko v. Davis*, 617 F.3d 1262, 1269 n.5 (10th Cir. 2010) (concluding federal inmate did not need preauthorization to file successive § 2241 petition because § 2244(b) explicitly refers to § 2254 petitions).

In two unpublished decisions, the Tenth Circuit has indicated that pre-AEDPA principles,

not § 2244(b)'s provisions, govern successive § 2241 petitions filed by state prisoners. *See White v. McKinna*, No. 06-1069, 2006 WL 1234867, at *1 (10th Cir. May 2, 2006) (unpublished order) (citing two unpublished decisions for proposition that state prisoner seeking relief under § 2241 does not need preauthorization under § 2244(b)(3)(A) to file second or successive § 2241 petition and stating that § 2241 petitions "are subject to abuse-of-the-writ principles"); *Shabazz v. Keating*, 242 F.3d 390, 2000 WL 1763456, at *2 (10th Cir. 2000) (unpublished table decision) (stating that the Tenth Circuit had "not determined which criteria are applied for successive § 2241 petitions filed by 'state' petitioners, reasoning that neither § 2244(a) nor § 2244(b) expressly governs those petitions, and concluding that the § 2241 petition in that case was plainly successive under either provision); *cf. Stanko*, 617 F.3d at 1264, 1269-70 (concluding that pre-AEDPA principles regarding successive and abusive habeas petitions apply to successive § 2241 petitions filed by federal prisoners).  Although *White* and *Shabazz* are unpublished, the Court finds them persuasive.

Under pre-AEDPA principles, a district court "is permitted, not compelled, to decline to entertain" a habeas petition that asserts a claim that "was previously heard and decided." *Sanders*, 373 U.S. at 12.  As stated in *Sanders*, pre-AEDPA decisions do not create "a rigid rule" requiring dismissal of a successive habeas petition.  *Id.*  But a court may "decline to entertain such an application . . . if [the court] 'is satisfied that the ends of justice will not be served' by inquiring into the merits."  *Id.* (quoting *Salinger v. Loisel*, 265 U.S. 224 (1924)).  The petitioner bears the burden to show that "the ends of justice would be served by a redetermination of the [claim]" that was previously determined against petitioner.  *Sanders*, 373 U.S. at 17; *see also Perkins*, 569 U.S. at 392-93 (noting that habeas petitioners may invoke "the miscarriage of justice exception to overcome various procedural defaults. . . . includ[ing] 'successive' petitions asserting previously rejected claims").  Significantly, though, "the 'ends of justice' require federal courts to entertain

[successive] petitions only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986) (plurality opinion).

Here, it is plainly apparent from the allegations and arguments in the instant § 2241 petition, the documents attached thereto, and petitioner's supporting brief, that petitioner presented the same claim he asserts in the instant petition in a prior § 2241 petition, and that this Court denied the prior petition on the merits.  Dkt. 1, at 8, 19-30; *see* Opinion and Order, *Parker v. Allbaugh*, No. 18-CV-0232-JED-FHM, 2018 WL 5260028 (N.D. Okla. Oct. 22, 2018) (unpublished), *appeal dismissed* No. 18-5115 (10th Cir. Jan. 16, 2019).  In doing so, the Court assumed the correctness of petitioner's position that his "199-year sentence has the practical effect of a life sentence."  Dkt. 1, at 26.  But the Court rejected his contention "that the ODOC must treat his 'life' sentence as a determinate sentence of 18 to 60 years based on a definition of 'life sentence' passed by the Oklahoma Legislature in 1997 and repealed before it took effect."  *Id.*  And the Court noted that both the Oklahoma Court of Criminal Appeals and the Tenth Circuit had previously issued decisions rejecting the same argument.  *Id.* at 26-28.[4]

Following the judgment entered in Case No. 18-CV-0232-JED-FHM, petitioner subsequently filed a motion to amend or alter the judgment, pursuant to Fed. R. Civ. P. 59(e), arguing that this Court "committed a 'clear error of law' when it denied his habeas petition."  Dkt. 1, at 31.  More specifically, petitioner argued that this Court should have followed *Resolution*

---

[4] In its prior opinion and order entered in Case No. 18-CV-0232-JED-FHM, the Court also noted that petitioner challenged the execution of his sentence, on similar grounds through a 28 U.S.C. § 2241 petition filed in N.D. Okla. Case No. 17-CV-134-JED-FHM.  *See* Dkt. 1, at 24 (indicating in footnote that petitioner's § 2241 petition in Case No. 18-CV-0232 might be successive to the § 2241 petition filed in Case No. 17-CV-134, noting that respondent did not assert that argument in his response, and finding it more efficient to deny the potentially successive petition on the merits).

*Trust*'s general statement of Oklahoma law regarding "vested rights" rather than finding persuasive several unpublished Tenth Circuit decisions rejecting the more specific argument presented by petitioner. *Id.* at 32-35. Judge Dowdell thoroughly considered petitioner's *Resolution Trust* argument and denied the Rule 59(e) motion, in part, because he found "no clear error in [his] prior ruling." Dkt. 1, at 31-36; *see* Opinion and Order, *Parker v. Allbaugh*, No. 18-CV-0232-JED-FHM, 2018 WL 5839087 (N.D. Okla. Nov. 7, 2018) (unpublished).

Petitioner appealed the denial of the prior § 2241 petition, and the Tenth Circuit denied a certificate of appealability and dismissed the appeal. Dkt. 1, at 37-39; *Parker v. Allbaugh*, No. 18-5115 (10th Cir. Jan. 16, 2019) (unpublished order). In doing so, the Tenth Circuit stated that it "has repeatedly explained [that] the definition cited by Parker never became law because it was repealed prior to its effective date." Dkt. 1, at 38. And the Tenth Circuit expressly "reject[ed] Parker's argument that the [1997 Truth in Sentencing] Act created any vested rights." *Id.* at 39. The Tenth Circuit subsequently denied petitioner's petition for panel rehearing. *Id.* at 40.

Nonetheless, petitioner persists by reasserting the same previously-rejected claim and making the same supporting arguments in his instant § 2241 petition. Dkt. 1, at 7-11. Thus, as petitioner concedes, his instant petition is successive. Dkt. 5, at 1. As previously stated, petitioner does not claim he is factually innocent. Nor does he present any new arguments to support his claim that he has "discharged" his sentence. Instead, he merely restates the arguments that Judge Dowdell thoroughly addressed and rejected in his prior rulings. And petitioner urges the Court to reconsider his previously-rejected claim because, in his view, this Court's prior rejection of the claim was "plain error." Dkt. 5, at 1-3. Applying pre-AEDPA principles, the Court finds that the ends of justice would not be served by once again reaching the merits of petitioner's 14th Amendment claim. And, while a court generally should afford a habeas petitioner an opportunity

to demonstrate why a habeas petition should not be summarily dismissed on procedural grounds, *see Day*, 547 U.S at 210, the Court finds no reason to afford petitioner that opportunity here. Petitioner adequately stated his position against dismissing the instant petition as successive when he filed the brief in support of his petition (Dkt. 5).  For the reasons just discussed, the Court does not find petitioner's arguments persuasive.

Accordingly, the Court finds that the instant § 2241 petition should be dismissed, with prejudice, as a successive § 2241 petition.

### III.

As a final matter, the Court warns petitioner that if he files another § 2241 petition claiming that he is entitled to release from state custody because he "discharged" his sentence as of October 2014 based on the never-effective 1997 definition of a life sentence, the Court will (1) summarily dismiss the petition and (2) impose filing restrictions against petitioner.  The Court finds this warning is necessary given petitioner's filing practices in this court, as discussed in this opinion, and in other courts.  *See Parker v. Province*, 415 F. App'x 19, 23 (10th Cir. 2011) (unpublished) (noting that petitioner's "abuse of the judicial system has been noted not only by the Oklahoma courts, but by the United States Supreme Court as well" and stating that petitioner "is cautioned to refrain from further filings pursuant to § 2241 which are patently without merit"); *Parker v. Oklahoma*, 540 U.S. 978 (2003) (mem.) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1.").

### IV.

In sum, the Court concludes that petitioner's 28 U.S.C. § 2241 petition for writ of habeas

corpus shall be summarily dismissed, with prejudice, because it is both time-barred and successive. Further, under the particular circumstances of this case, the Court concludes that summary dismissal is appropriate without providing petitioner any further opportunity to state his position as to why the instant petition should not be dismissed. Finally, because the Court finds that no reasonable jurists would debate the procedural dismissal of the instant petition, the Court declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Rule 11(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

   **ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. 1) is **dismissed with prejudice**.

2. A certificate of appealability is **denied**.

3. A separate judgment shall be entered in this matter.

   **DATED** this 18th day of May 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE